## Aurora National Loan Ass'n v. Harriet E. Spencer et al.

1. NOTICE—*Of an Unrecorded Mortgage.*—In order to charge the person acquiring a title with notice of an unrecorded mortgage, the proof of the same should be clear and convincing, but such fact may be proved either by direct evidence or by other facts from which it may be clearly inferred, as an inference not only probable but necessary and unquestionable.

Bill to Foreclose a Mortgage.—Cross-bill to remove an unrecorded mortgage as a cloud upon title. Trial in the Circuit Court of Kane County; the Hon. CHARLES A. BISHOP, Judge, presiding. Decree for defendant on cross-bill; appeal by complainant. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

M. O. SOUTHWORTH, attorney for appellant.

ALSCHULER & MURPHY, attorneys for appellees.

To take a case out of the registry acts so as to defeat the title of a subsequent purchaser who first places his deed on record, on the ground that he had actual notice of a prior unrecorded deed of the same premises, the proof of such notice should be clear and positive, so as to leave no reasonable doubt that the taking of the second conveyance was, under the circumstances, an act of bad faith toward the first purchaser. Rogers v. Wiley, 14 Ill. 65.

The notice should always be clearly proved, and should be of such character that a disregard of it would be a fraud. Pittman v. Sofley, 64 Ill. 155.

The title of a subsequent purchaser who first places his deed on record, will not be defeated upon the ground that he had notice of a prior unrecorded deed of the same premises, unless the proof of such notice is so clear and positive as to leave no reasonable doubt that the taking of the second conveyance was, under the circumstances, an act of bad faith toward the first purchaser. The fact of notice must be proved by direct evidence, or by other facts from which it may be clearly inferred, and the inference must not be probable, but necessary and unquestionable. Robertson v. Wheeler, 162 Ill. 566 (580).

In a discussion of this subject of constructive notice, by Vice-Chancellor Wigram, in Jones v. Smith, 1 Hare's Ch. 55, he thus remarks: "If, in short, there is not actual notice that the property is in some way affected, and no fraudulent turning away from a knowledge of facts which the *res gestœ* would suggest to a prudent mind; if mere want of caution, as distinguished from fraudulent and willful blindness, is all that can be imputed to the purchasers, then the doctrine of constructive notice will not apply; then the purchaser will, in equity, be considered, as in fact he is, a *bona fide* purchaser without notice. This is clearly Sir Edward Sugden's opinion, and, with that sanction, I have no hesitation in saying it is mine also." In Ware v. Lord Edgmont, 4 De G., M. & G. 473, the Lord Chancellor Chanworth, in giving judgment, said: "The question upon constructive notice is not whether the purchaser had the means of obtaining, and might, by prudent caution, have obtained, the knowledge in question, but whether the not obtaining it was an act of gross or culpable negligence." And see 2 Sugden on Vendors and Purchasers (14th Ed.), 571, 572; Doyle v. Teas, 4 Scam. 202; Grundies v. Reid, 107 Ill. 304 (312).

Enough must be shown to impute to the subsequent purchaser bad faith so as to taint his purchase with fraud in law. Mere want of caution, as distinguished from fraud and willful blindness, is not sufficient to charge a subsequent purchaser with constructive notice of an unrecorded deed. Anthony et al. v. Wheeler, 130 Ill. 128 (135); Slattery v. Rafferty, 93 Ill. 277.

Mr. Justice Higbee delivered the opinion of the court.

This was a bill in chancery, filed by appellant against appellees, to foreclose a mortgage on certain premises in an addition to the city of Aurora.

It appears from the evidence that a mortgage was given by one Charles A. Campbell on April 2, 1894, to secure a loan from appellant for the sum of $1,000. Campbell had erected a house upon the premises, buying the lumber from

S. D. Seamans, who indorsed the note and received pay for his lumber from the money so borrowed. On March 23, 1895, appellee Carrie I. Hoover, who in the meantime had become the owner of the property, and her husband, S. N. Hoover, conveyed the same to appellee Harriet E. Spencer. In consideration for such conveyance, said Harriet E. Spencer and her husband, Seldon Spencer, conveyed to Mrs. Hoover certain other premises in the city of Aurora, subject to a mortgage of $1,750. By some mistake or neglect on the part of the officers of the appellant association, the mortgage given to it by said Campbell was not recorded until May 8, 1895, some time after the conveyance of the premises to Mrs. Spencer and the recording of her deed. The appellee Harriet E. Spencer filed an answer to the bill, in which she denied that she had notice of the mortgage of complainant and claimed that she had bought the property in good faith, believing it to be free from incumbrance. She also filed a cross bill setting up the same matter, and asking that the mortgage be declared a cloud upon her title and set aside, and that she be decreed to be the owner of the premises free and clear from all incumbrances. The question presented to the court was whether or not Mrs. Spencer had actual or constructive notice of the mortgage to appellant, upon the premises conveyed to her as aforesaid. Upon that issue the court found a decree in favor of Mrs. Spencer and the same question is presented to this court.

Appellant insists that Mrs. Spencer, either personally or through her son and agent, Benjamin A. Spencer, had due notice of the existence of such mortgage, or that if she had no actual notice of the same, the circumstances attending the conveyance of the property to her were such as to put a reasonably prudent person upon such inquiry as would, by the exercise of reasonable diligence, lead to the discovery of the existence of the same. In such case, in order to charge the person acquiring the title with notice of such a mortgage, proof of the same should be clear and convincing. It may be proved either by direct evidence or by other facts

from which it may be clearly inferred; the inference, however, must be not only probable, but necessary and unquestionable. Robertson v. Wheeler, 162 Ill. 566.

The evidence in the case is somewhat voluminous and very contradictory. There was some evidence to the effect that actual notice of the mortgage was given to Mrs. Spencer, and also to her son, Benjamin A. Spencer, who acted as her agent. She and her son directly deny such notice, and that the same was given to them, or either of them, was not clearly and satisfactorily proved by .the evidence. Nor do the circumstances of the case tend to establish constructive notice to her of such fact. Five witnesses, who were sworn on behalf of Mrs. Spencer, testified that the value of the property which she conveyed to Mrs. Hoover was from $3,000 to $4,000, while one witness, who was sworn for appellant, placed it as low as $2,400. It is probably safe to say that the property was worth from $1,000 to $1,500 over and above the mortgage. On the other hand, it appears that the premises conveyed to Mrs. Spencer had little if any value over and above the mortgage to appellant. Witnesses valued it at from $1,000 to $1,100, free from incumbrance, and the equity was sold several times for prices ranging from $10 to $75.

It thus appears that the equity in the property which Mrs. Spencer conveyed to Mrs. Hoover was worth about the same, or perhaps a little more, than the property received by Mrs. Spencer in exchange would have been worth had the latter been free from incumbrance. . On the other hand, if we assume that Mrs. Spencer took the premises in question, knowing they were subject to the mortgage of appellant, she must in that case have, in effect, given away her property.

There is, therefore, no inference to be derived from the evidence that Mrs. Hoover had notice of the mortgage, but on the contrary, the circumstances plainly lead to the conclusion that she had no such notice.

The decree of the court below will therefore be affirmed.